IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| **DEBORAH BOYD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **BAPTIST HEALTH SYSTEMS, INC.,** | ) | CV-11-BE-1962-M |
| **LIFE INSURANCE COMPANY OF** | ) | |
| **NORTH AMERICA, and** | ) | |
| **ADVANTAGE 2000, INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter comes before the court on "Plaintiff's Motion to Remand" (Doc. 10) and accompanying brief (Doc. 11) filed June 29, 2011, and Defendant "Baptist Health System's Response to Plaintiff's Motion to Remand" (Doc. 14) filed July 7, 2011. The other Defendants, Life Insurance Company of North America and Advantage 2000, also filed responses to Plaintiff's Motion to Remand. After reviewing the motions, briefs, evidentiary submissions, and the applicable law, the court concludes that Plaintiff's Motion to Remand is due to be **GRANTED** for the reasons stated below. Accordingly, this case is due to be **REMANDED** to state court for adjudication.

I.   BACKGROUND

Ms. Boyd filed suit in the Circuit Court of St. Clair County, Alabama, against Baptist Health Systems, Inc. ("Baptist"),[1] Life Insurance Company of North America ("LINA"), and

---

[1] As more fully explained below, the parties dispute whether Ms. Boyd's employer is Baptist Health Systems ("BHS") or Baptist Health Center ("BHC"); the court will refer to

1

Advantage 2000, Inc., alleging state law claims against each Defendant arising out of the failure to provide disability benefits.

On June 6, 2011, Defendants Baptist and LINA filed a joint notice of removal to this court pursuant to 28 U.S.C. § 1441. Baptist and LINA alleged federal question jurisdiction under 28 U.S.C. § 1331, asserting preemption under the Employment Retirement Income Security Act, 29 U.S.C. §§ 1001-1461 (1974) ("ERISA"). Their theory rests on the argument that Ms. Boyd's claims for disability benefits arise out of an employee benefit plan governed by ERISA. Defendant Advantage 2000 later joined and consented to the joint notice of removal. After Ms. Boyd filed a motion to remand, all parties submitted ample evidence to the court regarding the question of the propriety of federal jurisdiction.

While ERISA generally preempts claims similar to Ms. Boyd's, not all employers and their benefits plans are subject to ERISA regulation. The parties disagree about who is Ms. Boyd's employer. Ms. Boyd argues that BHS is her employer and that BHS is expressly exempt from ERISA because BHS is an entity associated with a church organization. *See* 28 U.S.C. § 1002(33). Defendants do not dispute that BHS is exempt from ERISA. However, Defendants contend that BHC, not BHS, employed Ms. Boyd. Because BHC is a for-profit, wholly-owned subsidiary of BHS, it is *not* exempt under ERISA. Therefore, Defendants argue that ERISA preempts Ms. Boyd's state law claims and as such, removal is proper.

**II.   DISCUSSION**

Defendants removed this case to this court pursuant to 28 U.S.C. § 1441(a). That section

---

"Baptist" when referring to both entities collectively and will distinguish the two entities when appropriate.

provides in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such an action is pending. . . .

Although § 1441 provides a mechanism for removal, federal courts are courts of limited jurisdiction. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, when defendants remove a case to federal court, the district court must first determine whether the court has jurisdiction. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). On a motion to remand, the removing party bears the burden of proving the existence of federal jurisdiction. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996); *see Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). In addition to the removing party's "heavy" burden of proof, removal statutes are construed narrowly. *Burns*, 31 F.3d at 1095. In fact, "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095; *Univ. of S. Ala.*, 168 F.3d at 411 ("Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.").

In this case, Defendants bear the burden to prove that ERISA preempts Ms. Boyd's state law claim. Simply put, to trigger federal jurisdiction, Defendants must prove that BHC, the ERISA-covered employer, was in fact Ms. Boyd's employer. While Defendants provided a number of documents *suggesting* BHC was Ms. Boyd's employer, the parties' ample submissions only raise legitimate uncertainty regarding Ms. Boyd's actual employer. For example, Defendants show that Tracy Hill, *BHC*'s Human Resources Director, terminated Ms. Boyd by signing a release on February 12, 2009. (Doc. 14-1, Ex. A, Decl. of Schinley

Land at 2 ¶ 9) (emphasis added). However, that same release, proffered by Defendants, names *BHS* as the employer and Ms. Boyd as *its* employee. Specifically, the release states: "When used below, the term 'Employer' shall mean *Baptist Health System, Inc.*" (Doc. 14-1, Ex. 1 to Ex. A, Release at 1 ¶ 1) (emphasis added).

Also, Defendants' assertion that BHC is the policyholder for policy number LK960527 is patently false. Citing the very document and exhibit Defendants provided, the policyholder for policy number LK960527 is "**Baptist Health Systems, Inc.**" (Doc. 16, Ex. 2 at Ex. A at 15) (emphasis added). It further demonstrates, "The Plan is established and maintained by **Baptist Health System, Inc., the Plan Sponsor**." It also names "**Baptist Health System, Inc**." as "**Plan Administrator**." (Doc. 16, Ex. 2 at Ex. A at 16) (emphasis added). Thus, Defendants have failed to sufficiently establish that BHC, rather than BHS, employed Ms. Boyd for ERISA preemption and federal question jurisdiction under 28 U.S.C. § 1331.

Moreover, the court denies the parties' requests for jurisdictional discovery. Baptist, as Ms. Boyd's employer, and LINA, as Baptist's insurer, had the resources and ability to provide this court with evidence regarding Ms. Boyd's employer. Defendants failed to submit any tax returns, pay stubs, or other conclusive information that would have established who employed Ms. Boyd for federal question jurisdiction. Because Defendants did not supply such information in the extensive briefing and evidentiary submissions, common sense suggests that such will not magically appear during jurisdictional discovery.

As is typical in preemption cases, removing defendants try to tow a plaintiff's "case into federal harbor only to try to sink it once it is in port." *Hensley v. Phila. Life Ins. Co., Inc.*, 878 F.

Supp. 1465, 1466 (N.D. Ala. 1995). Because Defendants' submissions lack the strength to tug Ms. Boyd's claims into federal harbor, Defendants' efforts to sink Ms. Boyd's claims must occur in state harbor. Accordingly, the Plaintiff's Motion to Remand is due to be **GRANTED** and this case is due to be **REMANDED** to state court for adjudication.

DONE and ORDERED this 29th day of July, 2011.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE